IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAISHA LOMAX, individually, and on behalf of minor KERIANNA WARE, minor JAYLA TOLLIVER, and minor NEHEMIAH PHILLIPS and DYNESHA LOMAX on behalf of NOBEL PICKENS, a minor, and PATRICIA FORD on behalf of DENISHA TURNER, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>UNKNOWN OFFICERS, and the CITY OF CHICAGO,<br><br>    Defendant(s). | 07CV2060<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE COLE<br><br>FILED<br>APR 1 3 2007  NF<br>4-13-07<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**COMPLAINT AT LAW**

NOW COMES the Plaintiffs, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit UNKNOWN OFFICERS, (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF CHICAGO:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2. Plaintiffs, LAISHA LOMAX, KERIANNA WARE, JAYLA TOLLIVER, NEHEMIAH PHILLIPS, DYNESHA LOMAX, NOBEL PICKENS, PATRICIA FORD, and, DENISHA TURNER are residents of the State of Illinois and citizens of the United States.

1

3. The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein.

## FACTS

5. On or about April 5, 2007, some or all of the DEFENDANT OFFICERS committed excessive force and/or false arrest against the Plaintiffs. This conduct constituted an unreasonable seizure of the Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

6. There was no probable cause to arrest the Plaintiffs.

7. On or about April 5, 2007, the Plaintiffs did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

8. The use of force initiated by some or all of the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force on to the Plaintiffs as well as a false arrest of the Plaintiffs. Said force was unreasonable and unnecessary.

9. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiffs were caused to suffer serious injury.

10. On or about April 5, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and duly appointed and were sworn police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

11. Also, some or all of the DEFENDANT OFFICERS conspired to injure the Plaintiffs by:

a. collectively using excessive force and/or failing to intervene in the use of excessive force against the Plaintiffs;

b. agreeing not to report each other after witnessing Plaintiffs being abused and falsely arrested;

c. generating false documentation to cover-up for their own and each other's misconduct.

12. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiffs' arrests, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiffs to suffer injury.

13. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with acts of excessive force and/or false arrest:

a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of excessive force with innocent civilians;

c. fail to properly discipline officers from said police department who have committed act(s) of excessive force and false arrest upon another;

d. fail to properly investigate a complaint of false arrest and excessive force perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest and/or excessive force has been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in a false arrest and/or serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit a false arrest and/or excessive force, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in inappropriate behavior with citizens;

h. fail to provide adequate sanctions/discipline to officers who falsely arrest and/or use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest and/or excessive force;

j. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

l. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest and/or excessive force;

m. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

n. fail to properly investigate officers who commit significant intrusions to the body of innocent citizens, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

4

o. fail to properly investigate officers who falsely arrest and/or use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

p. fail to take proper remedial action with officers who commit significant intrusions to the body of innocent citizens, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

q. fail to take proper remedial action with officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

r. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, using excessive force, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

14. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

15. A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets regarding police officer misconduct. This code of silence also generates misconduct among fellow officers as they are knowledgeable and secure in the notion that they will not be "turned in" for committing acts of misconduct.

16. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this

complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## COUNT I
## §1983 Excessive Force

17. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

18. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiffs. This conduct violated the Plaintiffs' Fourth Amendment right to be free from unreasonable seizure.

19. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS. Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest

20. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the Plaintiffs without probable cause to believe that Plaintiffs had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest –State Claim

23. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

24. The DEFENDANT OFFICERS arrested Plaintiffs without probable cause to believe that Plaintiffs had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Constitution to the State of as well as law.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery –State Claim

26. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

27. The DEFENDANT OFFICERS struck the Plaintiffs intentionally, without consent and without justification.

28. The DEFENDANT OFFICERS' conduct was in violation of Law.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

7

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
### § 1983 Unlawful Search of Residence

30. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

31. The DEFENDANT OFFICERS invaded Plaintiffs' homes without probable cause and unlawfully conducted a search therein.

32. The aforementioned actions were the direct and proximate cause of the violations of as set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages, attorneys' fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XII – *Monell*

33. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

WHEREFORE, Plaintiffs demand compensatory damages against the CITY OF CHICAGO, costs and attorney's fees. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

34. Plaintiffs re-alleges paragraphs 1 – 16 as though fully set forth herein.

35. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

8

36. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

### COUNT XIV
### Supplementary Claim for *Respondeat Superior*

37. Plaintiffs re-allege paragraphs 1 – 16 as though fully set forth herein.

38. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of their employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs demand judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

Respectfully submitted,

Attorney for the Plaintiff
Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
155 N. Michigan Ave., Suite 723
Chicago, IL 60601
(312) 616-4433
(312) 565-7173 (Fax)